LARRY WAYNE TABOR v. STATE OF ARKANSAS

5-5421                                    440 S.W. 2d 536

Opinion Delivered May 19, 1969

*Tiner & Henry* for appellant.

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellee.

J. Fred Jones, Justice.    Larry Wayne Tabor was tried before a jury on March 12, 1968, and was convicted of the crimes of forgery and uttering in the Poinsett County Circuit Court.    The jury fixed his punishment at four years imprisonment on the forgery charge and at two years on the charge of uttering.    Judgment was entered on March 14, 1968, and Tabor was sentenced to four years on the conviction for forgery and two years on the conviction for uttering.    The sentences were to run consecutively with a minimum time to be served fixed at two years and a maximum time at six years. Tabor did not perfect an appeal from his original conviction, but filed a petition for habeas corpus under this court's Criminal Procedure Rule No. 1.    The petition was denied by the trial court and on appeal to this court Tabor relies on the following point for reversal:

"That the trial court erred by imposing a minimum time to be served by appellant."

Arkansas Statutes Annotated §§ 43-2306—2312 (Repl. 1964) provide as follows:

§ 43-2306—"When a jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment in their verdict, or if they assess a punishment not authorized by law, and in all cases of a judgment on confession, the court shall assess and declare the punishment, and render judgment accordingly."

§ 43-2307—"Juries and courts shall have the power to assess the punishment of one convicted of

a felony at a general sentence to the penitentiary, such sentence not being less than the minimum nor greater than the maximum time provided by law. At any time after the expiration of the minimum time, upon the recommendation of the superintendent and it appearing that a prisoner has a good record as a convict, his sentence may be terminated by the board.''

§ 43-2308—''If the jury in any case, assess a greater punishment, whether of fine or imprisonment, than the highest limit declared by law for the offense for which they convict the defendant, the court shall disregard the excess, and enter judgment and pronounce sentence according to the highest limit prescribed by law in the particular case.''

§ 43-2309—''If the jury, in any case, assess a punishment, whether of fine or imprisonment, below the limit prescribed by law for the offense of which the defendant is convicted, the court shall render judgment, and pronounce sentence, according to the lowest limit prescribed by law in such cases.''

§ 43-2310—''The court shall have power, in all cases of conviction, to reduce the extent or duration of the punishment assessed by a jury, if, in the opinion of the court, the conviction is proper, and the punishment assessed is greater than, under the circumstances of the case, ought to be inflicted, so that the punishment be not, in any case, reduced below the limit prescribed by law in such cases.''

§ 43-2311—''If the defendant is convicted of two [2] or more offenses, the punishment of each of which is confinement, the judgment shall be so rendered that the punishment in one case shall commence after the termination of it in the others.''

§ 43-2312—''Hereafter when any person shall be convicted of more than one felony, the punish-

ment for one of which begins before the expiration of the sentence imposed on the other, the court trying the cause shall have authority to direct that said sentence shall run concurrently, if it shall be deemed best for society and the person convicted.''

Arkansas Statutes Annotated § 43-2823 (Repl. 1964) provides:

''No convict confined in the Penitentiary shall be eligible for parole until he shall have been confined in the Penitentiary for one-third [1/3] of the time for which he was committed or to which same has been commuted; and provided further, that such time as said convict may be on furlough shall not be counted as confinement in the Penitentiary within the meaning of this section.''

In 1968 the Arkansas Legislature passed Senate Bill No. 70 which became Act 50, First Extraordinary Session of 1968, and section 28 of that act, insofar as it applies to the case at bar, is as follows:

''Individuals sentenced for a term of years less than life imprisonment are, after the effective date of this Act, eligible for parole at any time, unless a minimum time to be served, consisting of not more than one-third (1/3) of the total time sentenced, is imposed. In that event, the individual shall be eligible for release on parole after serving the minimum time with credit for good time allowances, and commutation by exercise of executive clemency.

For parole eligibility purposes, consecutive sentences by one or more courts, or for one or more counts, shall be considered as a single commitment reflecting the cumulative minimum and maximum time to be served.''

Appellant argues that since he was constitutionally entitled to the benefit of a jury trial, and since under

the jury verdict he would have been eligible for parole at any time under the provision of Act 50, supra, the trial court erroneously invaded the province of the jury in fixing the minimum time to be served by him. We do not agree. The appellant was not eligible for parole at all until he had been sentenced, and the sentence itself made him ineligible for parole until he had served two years of the four and two year terms assessed by the jury. It will be noted that prior to the enactment of Act 50, supra, no convict was eligible for parole until he had been confined for one-third of the time for which he had been committed, and under authority of § 2310, supra, the trial court has the power ''to reduce the extent or duration of the punishment assessed by a jury.'' This provision has no application to the case at bar because the trial court neither reduced not attempted to increase the extent or duration of the punishment assessed by the jury. The trial court simply sentenced the appellant to the extent and for the duration of the punishment assessed by the jury and further provided that two years of that time must be served.

The same section and paragraph of Act 50 which removed the mandatory restriction on parole in § 2823, supra, only did so ''unless a minimum time to be served, consisting of not more than one-third (1/3) of the total time sentenced, is imposed.'' Act 50 only makes the prisoner eligible for parole at any time *unless* he is affirmatively sentenced to serve a specific period of time consisting of not more than one-third of the total time for which he is sentenced.

The question actually comes down to whether the trial court or the jury is to fix the minimum time to be served under the 1968 statute. The penalties in the case at bar were six years penal servitude assessed by the jury, and the appellant was committed to serve that period of time. Prior to the passage of Act 50, supra, under the consecutive sentences the appellant received, he would have been obligated to actually serve one of the sentences before the other would begin before becoming

eligible for parole, § 43-2311, supra, and under the provisions of Act 50, supra, he would have become eligible for parole immediately only if the sentence had not provided otherwise.

Section 29 of Act 50, supra, provides, in part, as follows:

"The Parole Board shall release on parole any individual eligible under the provisions of Section 28 confined in any correctional institution administered by the State Department of Correction, when in its opinion there is reasonable probability the prisoner can be released without detriment to the community or himself. All paroles shall issue upon order of the Parole Board, duly adopted."

There is good reason why the trial court rather than the jury should determine whether a prisoner is to actually serve any part of the sentence imposed before becoming eligible for parole. In many, if not most instances, the trial judge has available knowledge of facts and circumstances pertaining to the prisoner's background and prior criminal record, including parole violations, which are denied to a jury in determining the guilt or innocence of the accused on a specific charge. This additional information available to the trial judge, but excluded from the jury, becomes important in weighing what is best for the prisoner and society in determining whether the prisoner should become eligible for parole immediately following his conviction, and we conclude that the trial judge is best equipped to make that determination.

Of course, in some instances the jury may have before it all the facts bearing on whether the prisoner should be required to serve some part of the sentence imposed, before becoming eligible for parole, and in such instance the trial court might prefer to obtain the recommendation of the jury under proper instructions. In

any event we think the better rule would be to confine the jury to the specific facts and admissible evidence pertaining to the offense for which the accused is being tried and leave it to the trial court to determine, from a consideration of all the facts and circumstances available to him, whether the prisoner should serve a part of the time assessed by the jury verdict before becoming eligible for parole.

The judgment of the trial court is affirmed.

FOGLEMAN, J., not participating.