RUSSELL A. PATTERSON *v.* STATE OF ARKANSAS

5765                                486 S.W. 2d 19

Opinion delivered October 30, 1972

*Phillip H. Loh,* for appellant.

*Ray Thornton,* Atty Gen., by: *James A. Neal,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted on three counts of possessing stolen property. The jury assessed his punishment at 21 years imprisonment in the state penitentiary on each of the three charges. The trial court directed that the sentences be served consecutively. For reversal appellant contends the evidence is insufficient to sustain the convictions and is "contrary to the law".

On appeal we review the evidence in the light most favorable to the appellee and if there is any substantial evidence to support the jury verdict, we affirm. *Ballew* v. *State,* 246 Ark. 1191, 441 S. W. 2d 453 (1969). Appellant was charged separately with possessing a riding mower, a saddle, and a quantity (20) of automobile batteries in violation of Ark. Stat. Ann. § 41-3938 (1964 Repl.). The state adduced evidence from the owners that these items were recently stolen and, also, the value of the property on each of these counts was in excess of $35. The stolen property was recovered from a farm which appellant had recently leased. Appellant testified that he paid $350 to an unidentified person for the riding mower. According to the merchant owner, it had a retail value of approximately $870. Appellant said he paid $125 to another

unknown person for the saddle. The retail owner placed the value of the saddle at $190. Appellant was unable to produce a receipt for the purchase of the mower or saddle. The appellant testified that the day after he and his family moved on the farm he noticed the 20 batteries stacked in his front yard. Several of these batteries were still in the cartons with the make and owner's name on them. According to the bulk dealer, the batteries would sell for approximately $500.

Appellant was employed in Little Rock and the farm was located near Plumerville or approximately 38 miles distant. Appellant testified he owned some riding horses and dogs and it appears he leased the farm primarily for a place to keep them. He, also, maintained a residence in North Little Rock. The owner of the farm testified that none of the stolen property was on his farm when he vacated and leased the farm to the appellant. Appellant denied having any knowledge that the property items in his possession were stolen.

In order to constitute a violation of § 41-3938, it is necessary that the person possessing the stolen goods know the property is stolen. The possession of recently stolen property, if unsatisfactorily explained to the jury, is sufficient to sustain a conviction. *Paschal* v. *State*, 243 Ark. 329, 420 S. W. 2d 73 (1967), *Evans* v. *State*, 252 Ark. 335, 478 S.W. 2d 874 (1972). In the case at bar, the recently stolen property was found in appellant's possession. His explanation as to the circumstances of his possession was not accepted by the jury as being true. The jury very well could infer from the evidence that appellant was knowingly in possession of the recently stolen property with the intent to deprive the true owners of their property. We think the evidence is amply substantial to sustain the jury's verdicts.

Appellant next makes the argument that the three 21 year sentences totaling 63 years are excessive. We have many times held that we do not disturb a penalty where a jury assesses the punishment within the limits pre-

scribed by law. The punishment assessed by the jury was within the statutory limits. (1-21 Years, § 41-3938, *supra*). The jury exercised the right and the authority vested in it by our legislature and constitution. *Ballew v. State, supra; Atwell* v. *State,* 244 Ark. 739, 427 S. W. 2d 1 (1968); *Hurst* v. *State,* 251 Ark. 40, 470 S.W. 2d 815 (1971); *Osborne* v. *State,* 237 Ark. 5, 371 S. W. 2d 518 (1963). In *Osborne* we recognized that we are not empowered to mitigate a sentence imposed by a trial court. There we said:

> "The right to exercise clemency is, however, vested not in the courts but in the chief executive. Ark. Const. Art. 6, §18. Our latest cases have uniformly followed the rule, which we think to be sound, that the sentence is to be fixed by the jury rather than by this court. If the testimony supports the conviction for the offense in question and if the sentence is within the limits set by the legislature, we are not at liberty to reduce it even though we may think it to be unduly harsh."

Nor can we agree with appellant's suggestion that the consecutive sentences require appellant to serve 63 years for his conviction. Consecutive sentences, for parole eligibility purposes, are now "considered as a single commitment ***" instead of separate ones. Ark. Stat. Ann. § 43-2807 (Suppl. 1971) and *Tabor* v. *State,* 246 Ark. 983, 440 S. W. 2d 536 (1969).

Appellant finally makes the argument that he was not afforded a fair trial. We find no merit in this contention. Appellant was represented by counsel of his own choice and he does not, through his court appointed counsel on appeal, demonstrate any prejudicial error or unfairness in the trial of his case.

Affirmed.