Russell A. PATTERSON, Appellant,

v.

A. L. LOCKHART, Superintendent, Cummins Unit, Arkansas Department of Correction, Appellee.

No. 74–1670.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1975.

Decided April 3, 1975.

---

H. Clay Moore, Little Rock, Ark., for appellant.

Jack T. Lassiter, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before GIBSON, Chief Judge, CLARK, Associate Justice, Retired,* and LAY, Circuit Judge.

---

\* Associate Justice Tom C. Clark, United States Supreme Court, Retired, sitting by designation.

1. Petitioner was found guilty of three counts of receiving stolen property and was sentenced to 21 years on each count, with the sentences to run *consecutively*. At oral argument a separate issue emerged concerning the punishment imposed. There was apparently no proof by the state as to when the stolen property was received by the defendant. Thus, there is some question whether he could properly be charged and sentenced on three separate counts. Since the case is to be remanded to the state court, however, this issue can be explored anew in that forum and it is unnecessary for us to reach it at this time.

## PER CURIAM.

This is an appeal from the denial of a writ of habeas corpus sought by an Arkansas state prisoner. The petitioner Russell A. Patterson was convicted in an Arkansas state court of possession of stolen property and his conviction was upheld by the Arkansas Supreme Court. Patterson v. State, 253 Ark. 393, 486 S.W.2d 19 (1972). He based his claim for habeas relief on alleged constitutional deficiencies in the proceedings against him: (1) that the search of his farm house which produced the stolen property entered in evidence against him was illegal since the affidavit upon which the search warrant was granted failed to establish probable cause; (2) that discussions concerning items not offered or received in evidence occurred between law officers and jurors outside the courtroom during the course of his trial; and (3) that the sentence imposed upon him amounted to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.[1] The district court denied relief on the first and third grounds and found that petitioner had failed to exhaust his state remedies as to the second. We reverse and remand for further proceedings.

During oral argument before this court the State of Arkansas confessed error, conceding the invalidity of the affidavit which supported the search warrant. We agree that it was insufficient to demonstrate probable cause for the search warrant.[2] The Attorney Gen-

---

2. It is difficult to understand why the state has failed to confess error until this late date. The search warrant was defended in the state courts as well as in the federal district court. The state even defended the legality of the search in briefs filed in this court. Three affidavits were presented in support of the warrant. They were all conclusory and clearly insufficient. The most complete of the three stated only:

> The undersigned being duly sworn deposes and says: That he has reason to believe that on the premises known as J. D. Flake Farm located on Route 2, Morrilton, described as Section 21, Township 7 North, Range 15 West in the County of Conway, State of Arkansas, there is now being concealed certain

eral now points out, however, that at the time the warrant was issued, Arkansas law permitted the state to reinforce such an affidavit when attacked in a habeas proceeding by demonstrating that oral testimony establishing probable cause was also presented to the magistrate. The state now seeks permission to take additional testimony to show probable cause. The rule in Arkansas has been changed by statute and such reinforcement is no longer possible. *See* Ark. Stats.Ann. § 43–205 (1971); Cockrell v. State, 505 S.W.2d 204 (Ark.1974). Whether this statute bars reinforcement of·a warrant for a search conducted prior to its enactment is essentially a question of state law which should be decided by an Arkansas court. *Cf.* United States v. Berkus, 428 F.2d 1148 (8th Cir. 1970).

Upon the confession of error, the district court's denial of the petition is therefore vacated and the cause is remanded to the district court. The district court shall request the State of Arkansas to immediately schedule a plenary hearing in the state court upon all questions pertaining to the validity of the search warrant,[3] as well as to the other constitutional issues alleged in the petition. The district court shall retain jurisdiction until the state has complied with this order. In the event of compliance the habeas petition should be dismissed without prejudice to the state court proceeding; in the event of noncompliance the petition should be granted and a writ of habeas corpus issued.

Judgment vacated and the cause remanded.

property, namely new Atlas Tires, boxes of Atlas dry charge batteries, boxes of Esso oil, and also certain credit cards of Kurt P. Herz and Frieda Schurger, and other personal property of the said Kurt P. Herz and Frieda Schurger which are items observed by Carl Stobaugh and Dick Daniels, June 1, 1971, which were on the above described premises, and other personal property reported stolen in other states, which was not necessarily visible, but information leads to the conclusion that said items are on the premises.
And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: that the above items have been reported stolen by other owners, and there is reason to believe that such items are upon said property.

3. Since the state has confessed error as to the validity of the search, we need not pass on the other issues raised. We encourage petitioner's counsel, however, to amend his petition in the state court to indicate all the claims now raised and which possibly could be raised, thus avoiding any questions which might later arise as to exhaustion of state remedies.