Barry Lee FAIRCHILD *v.* Larry NORRIS, Acting
Director, Arkansas Department of Correction

93-975                                      861 S.W.2d 111

Supreme Court of Arkansas
Opinion delivered September 20, 1993

*P.A. Hollingsworth*; *Elaine R. Jones, Richard H. Burr,
Theordore M. Shaw*, and *Steven W. Hawkins*, for NAACP Legal
Defense and Educational Fund, Inc.; and *Herbert C. Rule III* and
*Charles W. Baker*, for petitioner-appellant.

*Winston Bryant*, Att'y Gen., by: *Kyle R. Wilson*, Asst. Att'y
Gen., for respondent-appellee.

PER CURIAM. We deny appellant's request for stay of
execution. Appellant offers several legal arguments which essen-
tially are based upon his being presumptively mentally retarded.
The issue of whether appellant is mentally retarded has previ-
ously been rejected by United States District Judge G. Thomas
Eisele in *Fairchild* v. *Lockhard*, 744 F.Supp. 1461 (1989). Judge
Eisele decided appellant voluntarily, knowingly and intelligently
waived his *Miranda* rights before confessing his involvement in
the robbery, rape and murder of Ms. Mason. In making this

222

ruling he determined appellant was not retarded.

Judge Eisele made his rulings after appellant and the State of Arkansas presented a voluminous amount of evidence bearing on appellant's mental history and evaluations offered through witnesses, including psychiatrists. His memorandum opinion setting out the underpinnings of his rulings covers seventy-eight pages. The Eighth Circuit reviewed Judge Eisele's findings and affirmed them in a decision handed down on November 10, 1992. *Fairchild* v. *Lockhard*, 979 F.2d 636 (8th Cir. 1992), *cert. denied* 497 U.S. 1052 (1990). Accordingly, we hold appellant cannot reassert the issue of his mental retardation and is precluded from doing so under the doctrine of collateral estoppel. *Ashe* v. *Swenson, Warden*, 397 U.S. 436 (1970); *National Farmer's Union Standard Insurance* v. *Morgan*, 966 F.2d 1250 (8th Cir. 1992); *see generally Judgments*, 50 C.J.S. § 754 (a), p. 267 (1947).

Appellant seeks relief based upon Act 420 of 1993 which bans the execution of a person who is mentally retarded only when a jury unanimously determines that the person was mentally retarded at the time of the murder. Based upon our analysis above, such Act simply does not apply here because appellant is not mentally retarded.[1] We note the same definition of mental retardation contained in Act 420 was the definition used by Judge Eisele in reaching his decision pertaining to appellant's mental state. In addition, because appellant emphasizes to some extent in his contention that his I.Q. was in the low 60's in 1983, we further note that Judge Eisele specifically rejected appellant's contention in this respect, and opined the best tests, administered under optimal circumstances, would yield an I.Q. for appellant somewhere between 75 and 87.

Motion for stay denied.

HAYS and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. Counsel for Barry Lee Fairchild have asked that we stay his execution long enough

[1] The fact that there has been a judicial determination relating to Barry Lee Fairchild's allegation of mental retardation distinguishes this case from the Georgia case cited by petitioner-appellant, *Fleming* v. *Zant*, 259 Ga. 687, 386 S.E.2d 339 (1989).

to consider whether the execution would constitute cruel or unusual punishment as proscribed by Ark. Const. art. 2, § 9. Their theory is that Act 420 of 1993, by prohibiting executions of retarded persons, has brought into question whether execution of Mr. Fairchild would be prohibited by our Constitution. They also cite a survey showing that a majority of Arkansas citizens oppose execution of retarded persons. They ask that the execution, which is set for September 22, 1993, be stayed long enough to allow them to address on appeal the constitutional issue which was presented earlier to the Jefferson County Circuit Court which rejected their contention.

My colleagues choose to deny the stay on the ground that there has been a decision that Mr. Fairchild is not retarded, and thus the policy of Act 420 does not apply to him. They are applying the doctrine of collateral estoppel. I do not believe the doctrine applies in this case, and I conclude there has been no decision on that matter binding in the circumstances of the appeal counsel wish us to consider.

In *Fleming v. Zant*, 386 S.W.2d 339 (Ga. 1989), the Georgia Supreme Court was faced with a situation much like the one before us now. The Georgia legislature had passed an act like Act 420 subsequent to the trial and sentencing of Fleming. The Georgia Supreme Court, applying the Georgia Constitution, concluded that the execution of a retarded person would constitute cruel and unusual punishment, and the case was sent back to a trial court for a determination whether Fleming was retarded. The difference between the *Fleming* case and the one now before us is that the United States District Court for the Eastern District of Arkansas concluded that Fairchild was not retarded. *Fairchild v. Lockhart*, 744 F.Supp. 1429 (E.D. Ark. 1989). The Georgia Supreme Court had no such ruling before it in the *Fleming* case. If the decision of the Federal Court that Fairchild is not retarded is conclusive and binding on us, then the majority is correct in refusing to grant the stay, but that depends on application of the doctrine of collateral estoppel. Were it not for the application of that doctrine and the majority's conclusion that we are bound by the Federal Court decision, I feel sure the stay would be granted.

Counsel for Mr. Norris correctly assert that the doctrine of collateral estoppel had four elements, each of which must be

satisfied. The elements are:

1.  The issue must be the same as that involved in a prior litigation.

2.  The issue must have been actually litigated.

3.  The issue must have been determined by a valid and final judgment.

4.  The determination must have been essential to the judgment.

*See East Texas Motor Freight Lines, Inc.* v. *Freeman*, 289 Ark. 539, 713 S.W.2d 456 (1986); *Lovell* v. *Mixon*, 719 F.2d 1373 (8th Cir. 1983).

When the Federal Court considered the question whether Mr. Fairchild was retarded it was for the purpose of determining whether he had the capacity to waive his right not to incriminate himself after having been informed of that right. In other words, the question before the Court was whether it was proper for the Court in Fairchild's trial to have admitted evidence of his confession. On the very face of it, that is a different issue from the one we are concerned with now, *i.e.*, whether Fairchild should be executed. If, however, we define "issue" more narrowly to be whether he is retarded, then perhaps it can be said the issue has been decided; but that is not enough. We must also find that the decision that Mr. Fairchild is not retarded was, in the words of requirement 4., "essential to the judgment." See *Farris* v. *State*, 303 Ark. 541, 798 S.W.2d 103 (1990), and *Hyde* v. *Quinn*, 298 Ark. 569, 769 S.W.2d 24 (1989), in which we mention the requirement that the decision of the issue be essential to the judgment for collateral estoppel to apply.

If a retarded person can waive the right not to incriminate himself or herself, whether he or she is retarded may be relevant to a decision whether the confession is admissible, but is it "essential?" I think not. The Federal Court perceived the difference by referring to expert testimony concluding that mildly retarded persons may indeed have the capacity to waive the rights described in the *Miranda* case.

If the Federal Court decision that Fairchild was retarded had been an alternative ground for deciding that Fairchild was

unable to waive his *Miranda* rights, we would have to conclude it was binding. *See* 1B JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.443 [5] (Supp. 1988). It was, however, simply a conclusion separate from the waiver issue and not a basis for the decision. That becomes clear upon realization that a retarded person may waive the right not to engage in self incrimination. *See Lowe* v. *State,* 309 Ark. 463, 830 S.W.2d 864 (1992); *Smith* v. *State,* 292 Ark. 162, 729 S.W.2d 5 (1987) (defendant with an I.Q. of 62 found capable of waiving *Miranda* rights). *See also Hill* v. *State,* 303 Ark. 462, 798 S.W.2d 65 (1990).

The materials presented to us indicate that, despite the Federal Court's conclusion that Fairchild is not retarded, he could present a very convincing case to the contrary. If that is so, and if as I conclude we are not bound by the Federal Court's opinion that Fairchild is not retarded, then I believe a serious issue would be presented to us as was presented to the Georgia Supreme Court in the *Fleming* case. Under these circumstances we should stay the execution to consider the appeal.

I respectfully dissent.

HAYS, J., joins this dissent.