Edward Charles PICKENS *v.* Jim Guy TUCKER, Individually and in His Official Capacity as Governor of Arkansas

94-435                                                    875 S.W.2d 835

Supreme Court of Arkansas
Opinion delivered May 2, 1994

*Jeff Rosenzweig*, for appellant.

No response.

PER CURIAM. Petition for stay of execution or, in the alternative, for expedited consideration is denied.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. The movant, Edward Charles Pickens, mounts a Due Process claim, alleging that Governor Jim Guy Tucker is a biased determiner of his clemency application by virtue of his representation of the State in Pickens's appeal in 1977. *See Pickens* v. *State*, 261 Ark. 756, 551 S.W.2d 212 (1977). According to that opinion, two deputy attorneys general also acted as special prosecutors at the Pickens trial.

The power to exercise clemency is vested in the chief executive and not the courts. Ark. Const. art. 6, § 18; *Woods* v. *State*,

302 Ark. 512, 790 S.W.2d 892 (1990); *Coones* v. *State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Smith* v. *State*, 262 Ark. 239, 555 S.W.2d 569 (1977); *Patterson* v. *State*, 253 Ark. 393, 486 S.W.2d 19 (1972). Moreover, a convicted felon has no inherent constitutional right to a commutation of sentence. *Connecticut Board of Pardons & Dumschat*, 452 U.S. 458 (1981).

Nevertheless, a right to a fair and impartial tribunal, and equally as important the perception of such, is engrained in the Due Process clauses of our state and federal constitutions. A case with some similarities to the case before us was recently decided by the Eight Circuit Court of Appeals. *Otey* v. *Hopkins*, 5 F.3d 1125 (8th Cir. 1993). In *Otey*, a death case, the state attorney general sat on the Nebraska Board of Pardons, and this was contested by the clemency applicant on Due Process grounds. A majority of the three-judge panel dismissed the petition for procedural reasons. The third judge dissented on the basis that the presence of the "state's chief prosecuting officer" on the board violated substantive Due Process. Now, according to Pickens, a petition for a writ of certiorari in the *Otey* case is pending before the U.S. Supreme Court.

Though the *Otey* facts are not precisely the same as those in the Pickens case, they are analogous, and I agree with the reasoning of the dissent. Accordingly, I believe that Governor Tucker should be declared ineligible to determine the clemency issue, and Lieutenant Governor Mike Huckabee should be the determiner. Ark. Const. amend. 6, § 5.

In my judgment, Lt. Gov. Huckabee should be able to make a clemency determination before May 11, 1994. For that reason I concur in denying the stay of execution.