Charles Laverne SINGLETON *v.* Larry NORRIS, Director,
Arkansas Department of Correction

CR 98-218                                      964 S.W.2d 366

Supreme Court of Arkansas
Opinion denying rehearing delivered April 23, 1998

*Jeff Rosenzweig,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly K. Hill,* Deputy Att'y
Gen., and *Todd L. Newton,* Asst. Att'y Gen., for appellee.

PER CURIAM. Respondent Larry Norris petitions for a
rehearing of this court's decision to stay the execution of Charles
Laverne Singleton pending resolution of his petition for a declara-
tory judgment and all necessary writs to enforce that judgment.
Because the execution scheduled for March 11, 1998, was in fact
stayed by this court's order, the issue is now moot. We choose,
however, to address issues of significant public interest raised in the
rehearing petition that may well reoccur in the future. *See Wilson
v. Pulaski Ass'n of Classroom Teachers,* 330 Ark. 298, 954 S.W.2d
221 (1997); *Thomas v. Board of Correction and Community Punish-
ment,* 324 Ark. 6, 918 S.W.2d 156 (1996).

Contrary to Norris's assertion, we consider this case to be categorically different from the cases of *Pickens v. Tucker*, 316 Ark. 811, 875 S.W.2d 835 (1994), *Fairchild v. Norris*, 314 Ark. 221, 861 S.W.2d 111 (1993), and *Rector v. Clinton*, 308 Ark. 104, 823 S.W.2d 829 (1992). In those cases, the issue raised was either not apposite to the *Singleton* facts or had already been decided. In *Pickens*, the point at issue solely related to executive clemency and whether the governor, who had represented the State as attorney general in Pickens's appeal, was impartial. The period of time following our decision was sufficient for a clemency decision by the chief executive prior to the execution date. In *Fairchild*, we concluded that the federal district court had adequately addressed and decided the mental retardation issue, using the same definition employed in Act 420 of 1993. In *Rector*, we said that we could not disagree with the circuit court's finding that there had been no change in Rector's mental condition since his evaluation by federal authorities in 1989. Thus, we found no violation of the standard set in *Ford v. Wainright*, 477 U.S. 399 (1986).

■     We discount the State's position that under our *Singleton* decision, stays of execution would now be warranted in those cases. Here, the point raised in Singleton's petition for a stay was: Can the State forcibly medicate him for a legitimate reason when a side effect of that medication is to render him legally sane for purposes of execution? That question had not been addressed or decided in this case or in any analogous case. We concluded that the issue presented was *bona fide* and not frivolous, and, thus, the proceeding in circuit court was "competent." *See* Ark. Code Ann. §16-90-506(a)(1) (Supp. 1997). We also concluded that the question had to be resolved prefatory to any execution. Under those unique facts, the stay was granted.

Petition denied.

ARNOLD, C.J., and GLAZE and CORBIN, JJ., dissent.

TOM GLAZE, Justice, dissenting. The Attorney General correctly points out that the majority opinion staying Mr. Singleton's execution is contrary to three of this court's earlier cases where the court denied stays. *See Pickens v. State*, 316 Ark. 811, 875 S.W.2d 835 (1994) (court denied stay where Pickens raised constitutional

issue asserted to be pending before the U. S. Supreme Court); *Fairchild v. Norris*, 314 Ark. 221, 861 S.W.2d 111 (1993) (court denied stay where Fairchild argued a constitutional claim of first impression concerning his incompetence to be executed; court held Fairchild was barred by doctrine of collateral estoppel from reasserting his mental retardation); and *Rector v. Clinton*, 308 Ark. 104, 823 S.W.2d 829 (1992) (court denied stay where Rector raised new issue pertaining to constitutionality of Ark. Code Ann. § 16-90-506(d)(1) (1987), and decision denying stay rested also on the fact that his mental condition had not changed since federal authorities previously found he was aware of the punishment about to be inflicted upon him). In each of the three prior cases — like Singleton — the petitioner requested a stay of execution, and argued a last-minute constitutional issue of first impression. Only in Singleton's case did this court grant a stay, holding a "competent judicial proceeding" under § 16-90-506(a)(1) should be conducted because a "constitutional issue of first impression" was "ripe" for decision.

The Attorney General's point is that death-row inmates have commonly raised last-minute constitutional issues of first impression, but, until now, have been rejected. Section 16-90-506 relied upon in the majority opinion is clear that the General Assembly intended stays of execution to be strictly limited by granting a reprieve to be given by the Governor, the Arkansas Supreme Court via a writ of error, or by any competent judicial proceeding. Here, the Governor had issued no reprieve, nor had this court issued a writ of error. Instead, this court has engrafted an expansive meaning to the words "any competent judicial proceeding" which will permit attorneys for inmates to frame constitutional issues that will compel stays. If the court would have taken the view it takes now of § 16-90-506, Pickens, Fairchild, and Rector would likely still be in court presenting legal arguments for their release. As this court stated in *Rector v. State*, "[E]ven death cases must come to an end." Death sentence cases are always difficult to decide, but this case is no more unique or different than Rector's, except this case has been in the court system longer — twenty years. I agree with the Attorney General's position and would deny any further stay.