

# SUPREME COURT OF ARKANSAS

No. CV-15-829

| | |
|---|---|
| WENDY KELLEY, IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE ARKANSAS DEPARTMENT OF CORRECTION, AND THE ARKANSAS DEPARTMENT OF CORRECTION<br><br>PETITIONERS<br><br>V.<br><br>THE HONORABLE WENDELL GRIFFEN, STACEY JOHNSON, JASON MCGEHEE, BRUCE WARD, TERRICK NOONER, JACK JONES, MARCEL WILLIAMS, KENNETH WILLIAMS, DON DAVIS, AND LEDELL LEE<br><br>RESPONDENTS | Opinion Delivered October 20, 2015<br><br>PETITION FOR WRIT OF CERTIORARI GRANTED; WRIT ISSUED; STAY OF EXECUTIONS GRANTED; MOTION TO LODGE SUPPLEMENTAL RECORD GRANTED. |

**PER CURIAM**

Wendy Kelley, in her official capacity as Director of the Arkansas Department of Correction, and the Arkansas Department of Correction have petitioned this court for a writ of certiorari lifting a stay of executions granted by the Pulaski County Circuit Court or, alternatively, a writ of mandamus ordering the circuit court to expedite a scheduled hearing on a preliminary injunction requested by respondent-prisoners. The prisoners have responded and, in addition, have made a conditional request for a stay of executions from this court. Because the circuit court acted in excess of its jurisdiction in staying the executions, we grant

SLIP OPINION

the petition for writ of certiorari, issue the writ, and lift the stay of the executions entered by the circuit court. Further, we grant the prisoners' request and issue a stay of the executions pending the resolution of the litigation currently pending in the Pulaski County Circuit Court.

In April 2015, Stacey Johnson, Jason McGehee, Bruce Ward, Terrick Nooner, Jack Jones, Marcel Williams, Kenneth Williams, Don Davis, and Ledell Lee filed an action challenging the constitutionality of Act 1096 of 2015, which set out the mandated state method of executing condemned prisoners. Eight of the prisoners subsequently had their dates of execution set, with the first executions scheduled for October 21, 2015. On September 30, 2015, the prisoners filed an emergency motion for summary judgment on various of their claims or, alternatively, for preliminary injunction pursuant to Arkansas Rule of Civil Procedure 65. On October 9, 2015, the circuit court issued a temporary restraining order expressly staying the executions pending a preliminary injunction hearing. On October 12, 2015, the circuit court issued a scheduling order setting the preliminary injunction hearing for March 1 and 2, 2016. Petitioners filed a motion to dissolve the temporary restraining order and to set an expedited hearing on the motion for preliminary injunction. The circuit court denied that motion on October 13, 2015, and ordered the petitioners to show cause as to why the motion did not violate Arkansas Rule of Civil Procedure 11.

This prompted the petition currently before this court. A writ of certiorari is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face

of the record. *Conner v. Simes*, 355 Ark. 422, 428, 139 S.W.3d 476, 479 (2003). Petitioners have challenged the circuit court's jurisdiction to enter a stay of execution. Pursuant to statute, the only officers who have the power of suspending the execution of a judgment of death are: (1) the Governor; (2) the Director of the Department of Correction in cases of insanity or pregnancy of the individual; and (3) the Clerk of the Supreme Court in cases of appeals. Ark. Code Ann. § 16-90-506(c) (Repl. 2006). This court has explicitly stated that a circuit court does not have jurisdiction to stay an execution. *Singleton v. Norris*, 332 Ark. 196, 964 S.W.2d 366 (1998). The prisoners assert that what was issued was an injunction and not a stay; therefore, they contend that section 16-90–506(c) and our case law holding that circuit courts lack jurisdiction to stay an execution do not apply. However, we find that the argument put forth by the prisoners is purely a matter of semantics. A "stay" is defined as the postponement or halting of a proceeding, judgment, or the like. *Blacks Law Dictionary*, 1639 (10th ed. 2014). The circuit court effectively barred the executive branch from proceeding on the judgments of execution, and it recognized that fact when it stated in the order that it was staying the executions. As the circuit court did not have jurisdiction to issue a stay, we grant the petition for writ of certiorari and issue a writ removing the stay of executions issued by the circuit court. *See Juvenile H. v. Crabtree*, 310 Ark. 208, 833 S.W.2d 766 (1992) (issuing a writ of certiorari for an act by a circuit court in excess of its jurisdiction); *see also Ark. Dep't of Human Servs. v. Collier*, 351 Ark. 506, 95 S.W.3d 772 (2003) (issuing a writ of certiorari when an appeal could not be had due to time constraints). The remainder of the circuit court's order that does not conflict with the removal of the stay is not affected by this writ.

In their response to the petition, the prisoners made a conditional request for a stay from this court in which they asked this court to issue a stay if we determined that the one issued by the circuit court was invalid. Pursuant to our decision in *Singleton*, *supra*, we may enter a stay of execution pending the resolution of a competent judicial proceeding, if we determine that the action in circuit court is a competent judicial proceeding.[1] In that case, we explained that we will issue a stay of execution when a constitutional claim pending in a lower court (1) only recently ripened; (2) is bona fide and not frivolous; and (3) cannot be resolved before the execution date. The prisoners filed their complaint immediately after Act 1096 was enacted, the complaint contains bona fide constitutional claims, and the first executions are set for October 21, 2015. We hold that all three of the necessary elements are present in this case. Therefore, we grant the request and stay the executions pending the resolution of the litigation currently pending in the Pulaski County Circuit Court. *See Davis v. Hobbs*, 2010 Ark. 168.

On October 15, 2015, the prisoners filed a motion to lodge supplemental record. That motion is hereby granted.

Petition for writ of certiorari granted; writ issued; stay of executions granted; motion to lodge supplemental record granted.

BRILL, C.J., and DANIELSON, J., would deny petition for writ of certiorari without prejudice.

WOOD, J., would grant petition for writ of certiorari and deny request for stay of executions.

*Leslie Rutledge*, Att'y Gen., *David A. Curran*, Deputy Att'y Gen., by: *Jennifer L. Merritt*, Ass't Att'y Gen., for petitioners.

*Jeff Rosenzweig*; *Josh Lee*; and *Deborah R. Sallings*, for respondents.

---

[1]Arkansas Code Annotated section 16-90-506(a) (Repl. 2006) allows for the execution of a sentence of death to be stayed by "any competent judicial proceeding."