**Edward Charles PICKENS,**
**Plaintiff/Petitioner,**

v.

**Jim Guy TUCKER, Governor, State of Arkansas; and Larry Norris, Director, Arkansas Department of Correction, Defendants/Respondents.**

No. LR–C–94–185.

United States District Court,
E.D. Arkansas.

May 4, 1994.

Jeffrey M. Rosenzweig, Little Rock, AR, for plaintiff.

Olan W. Reeves, Atty. General's Office, Little Rock, AR, for defendants.

## MEMORANDUM OPINION AND ORDER

HENRY WOODS, District Judge.

Edward Charles Pickens has spent almost two decades on death row. The facts of his offense are set forth in the state appeal of his original conviction and sentence. *Pickens v. State of Arkansas,* 261 Ark. 756, 551 S.W.2d 212 (1977), *cert. den.,* 435 U.S. 909, 98 S.Ct. 1459, 55 L.Ed.2d 500 (1978); petition for post conviction relief, *Pickens v. State of Arkansas,* 266 Ark. 486, 586 S.W.2d 1 (1979), *cert. den.,* 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981). The facts are also set out in my original federal habeas decision. *Pickens v. Lockhart,* 542 F.Supp. 585 (E.D.Ark.1982). The Court of Appeals for the Eighth Circuit remanded the case for a new trial on the sentencing phase of the trial, holding that Pickens had ineffective counsel during sentencing procedures. A mistrial was declared at the first resentencing trial, after which Pickens applied to the Supreme Court of Arkansas for writs of *mandamus, certiorari,* and *error coram nobis.* All these writs were denied. 284 Ark. 506, 683 S.W.2d 614 (1985). In the second resentencing trial, Pickens was again sentenced to death. The Supreme Court of Arkansas reversed as a result of an evidentiary error. *Pickens v. State of Arkansas,* 292 Ark. 362, 730 S.W.2d 230 (1987), *cert. den.,* 484 U.S. 917, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). In the third resentenc-

ing trial, Pickens was given death by the jury. The Supreme Court of Arkansas affirmed. *Pickens v. State,* 301 Ark. 244, 783 S.W.2d 341 (1990), *cert. den.,* 497 U.S. 1011, 110 S.Ct. 3257, 111 L.Ed.2d 766 (1990). Pickens filed a Rule 37 petition which was denied. *Pickens v. State,* C.R. 89–94, 1990 WL 210641 (Dec. 17, 1990). A federal habeas petition was filed in this court and denied after a full hearing. *Pickens v. Lockhart,* 802 F.Supp. 208 (E.D.Ark.1992). The Court of Appeals affirmed. *Pickens v. Lockhart,* 4 F.3d 1446 (8th Cir.1993), and the Supreme Court denied *certiorari, sub nom. Pickens v. Norris,* —— U.S. ——, 114 S.Ct. 1206, 127 L.Ed.2d 553 (1994). On March 28, 1994, I dissolved the stay of execution issued pending appeal.

Governor Tucker has set May 11, 1994, as the date of Pickens' execution. On April 5, 1994, Pickens filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, and a complaint for relief under 42 U.S.C.A. § 1983. A similar pleading was filed in the Circuit Court of Pulaski County, Arkansas. *Pickens v. Tucker,* Pul.Cir. No. 94–3251. After relief was denied, Pickens appealed to the Supreme Court of Arkansas. On May 2, 1994, the Supreme Court of Arkansas affirmed the lower court and denied a stay of execution. *Pickens v. Tucker,* 316 Ark. 811, 875 S.W.2d 835 (1994).

Since Pickens has now exhausted all his state remedies, his federal claims are ripe for disposition. After the Supreme Court of Arkansas denied the stay of execution, Pickens filed in this Court on May 2, 1994, a "Supplement to Petition for Stay of Execution," which raised an additional ground for a stay, which will be discussed *infra.*

■ The crux of Pickens' claims, as set forth in his original petition, is that his federal constitutional rights are abrogated because Governor Tucker cannot be impartial or objective because two of his Assistant Attorney Generals, Gary Isbell and Jack Lassiter, participated in the original prosecution of Pickens and that Governor Tucker, then Attorney General, participated in the early appellate review of the conviction.

The Court of Appeals in *Otey v. Hopkins,* 5 F.3d 1125 (8th Cir.1993), has foreclosed review by habeas corpus petition of the exercise of executive clemency. Because a petition for *certiorari* has been filed in the *Otey* case, Pickens asks in his supplemental petition that he be granted a stay until the Supreme Court addresses the petition in this Nebraska case. We reject such an argument, principally because the facts are dissimilar in these two cases. The Nebraska Board of Pardons was created by statute in 1969. [Neb.Rev.Stat. § 83–1,127 (Reissue 1987).] It is composed of the Governor, Secretary of State, and Attorney General. In Otey's clemency hearing, assistant attorney generals represented the state and, prior to the hearing, conferred with the attorney general concerning their presentation of the state's opposition to clemency.

There are manifold differences in the Nebraska and Arkansas clemency schemes. Governor Tucker's role in the Pickens litigation was dissimilar. There is no evidence that he personally participated in this case at either the trial or appellate level. At the request of the local prosecuting attorney, he assigned two of his assistants to the original trial. This is not the trial involved in the present appellate and clemency proceeding. The death sentence in the original trial, which took place in 1976, was set aside by the Court of Appeals in a habeas proceeding as noted *supra.* The present proceedings arise from a sentence of death imposed after a trial thirteen years later in 1989. Neither Governor Tucker nor his staff had any part in these proceedings. In the unlikely event that the United States Supreme Court should grant *certiorari* and reverse in *Otey,* such action would not be controlling in the case at bar.

■ In addition to his habeas claims, Pickens asserts claims of due process and equal protection violation under the Fourteenth Amendment and cruel and unusual punishment under the Eighth Amendment. His due process argument is vitiated by the *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 466, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981), which held that when a commutation statute does not impose standards as to when clemency must be granted, the statute does not create a protected interest in clemency and does not trigger due process protections.

In Arkansas, there are no standards as to when clemency must be granted. The sole pardoning power is vested in the Governor under Article 6, § 18, of the Arkansas Constitution. By Amendment 6, § 4, of the Arkansas Constitution, the power and duties devolve upon the Lieutenant Governor by reason of "the impeachment of the Governor, or his removal from office, death, inability to discharge the powers and duties of the said office, resignation or absence from the state." None of these disqualifications apply to Governor Tucker. The Arkansas Constitution, in Article 6, § 18, which grants clemency powers to the Governor, does not proscribe, delineate procedure, or set up standards for the exercise of clemency. It is purely a matter of grace.

■ The equal protection argument is also without merit. Since the 1874 Arkansas Constitution was adopted, a number of Attorneys General have moved into the Governor's office. All of these individuals have had to make clemency decisions in cases which their offices and staff handled on behalf of the state. The latest two were Governor Carl E. Bailey, who served from 1937 to 1941, and President Clinton. Governor Bailey previously served two terms as Attorney General and prior thereto was Prosecuting Attorney of the district comprising Pulaski and Perry Counties, the largest in the state. During his term as Governor, the death penalty was imposed in Arkansas with some frequency. Undoubtedly, Governor Bailey made many clemency decisions involving individuals he had prosecuted or opposed in state appellate procedures. While President Clinton was Governor, he made a clemency decision in at least one death case in which he had appeared as Attorney General. See *Swindler v. State,* 264 Ark. 107, 569 S.W.2d 120 (1978). There is no indication that the Pickens case has been handled any differently.

■ The clemency provision of the Arkansas Constitution brings into play the old common law Rule of Necessity. This rule was

applied in *United States v. Will,* 449 U.S. 200, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980), a case involving judicial salaries, including those of the United States Supreme Court. The Court pointed out that an uninvolved tribunal could not be convened under the law to decide the case, and thus it must be decided by the Supreme Court. *Id.* at 212–213, 101 S.Ct. at 479–480. "Its earliest recorded invocation was in 1430, when it was held that the Chancellor of Oxford could act as judge of a case in which he was a party when there was no provision for the appointment of another judge." *Id.* at 213, 101 S.Ct. at 480. A similar situation occurred in the Court of Appeals for the Eighth Circuit. Judges on the Judicial Council necessarily had to review actions on a judicial complaint in which they were listed as respondents. The Council was the only statutory agency which could review such a decision. "This is the type of situation in which the long-standing Rule of Necessity applies. The rule provides that, if the judges who ordinarily would hear the case are likely to disqualify themselves because of their interest in its outcome, they may hear the case if, otherwise, it would not be heard at all. *United States v. Will,* 449 U.S. 200 [101 S.Ct. 471]." *Complaint of Doe,* 2 F.3d 308, 310 (1993).

Similar logic applies to the instant case. The power to grant clemency to Pickens is vested solely in the individual who occupies the office of Governor. That person is Jim Guy Tucker. The Arkansas Constitution gives it to no other individual as long as he is within the state and in full possession of his faculties. If he does not exercise his power to grant or deny clemency, there is no one else able to do so.

Petitioner raises other issues concerning alleged misconduct at the original trial by Assistant Attorneys General Lassiter and Isbell. These issues were decided adversely to Pickens in the 1992 habeas proceeding. *See Pickens v. Lockhart,* 802 F.Supp. 208, 211–214.

The parties have agreed that a hearing is not necessary in this case, in view of a stipulation which they have signed. A copy of this stipulation is attached hereto.

The habeas corpus petition brought under 28 U.S.C., § 2254, and the petition for relief under 42 U.S.C., § 1983, are both denied and dismissed. It follows that the stay of execution must also be denied.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF ARKANSAS

Edward Charles Pickens

vs.

Jim Guy Tucker,

Governor of the State of Arkansas

Larry Norris,

Director, Arkansas Department of Correction

Defendants

LR–C–94–185

*STIPULATION OF FACTS*

[Filed May 2, 1994]

The prosecuting attorney, James Bayne, asked then-Attorney General Tucker to provide assistance in the prosecution of Pickens. As a result of the Bayne request, Attorney General Tucker sent two of his deputies, Jack Lassiter and Gary Isbell. Lassiter and Isbell served as special prosecuting attorneys on the case.

Pickens was tried and sentenced in February, 1976. The Attorney General's office represented the State on appeal. Tucker served as Attorney General through the end of 1976.

Over the years, there have been two issues litigated in which prosecutorial misconduct was alleged. One arose when Harold Goacher asserted that Jack Lassiter had instructed him to lie in Pickens' original trial about the identity of the person who shot Wes Noble. The other arose when Lassiter executed an affidavit in 1984 in which he said that a witness, R.D. Oliver, had made admissions to him regarding the taking of a statement from Pickens. Lassiter had not disclosed these matters beforehand, including during testi-

mony in a federal habeas corpus hearing in 1982.

The Goacher issue was decided against Pickens "on the merits" in federal court. The Oliver issue was decided against Pickens on procedural grounds, and the merits were not reached.

Pickens has requested that Governor Tucker recuse or disqualify himself from the clemency determination. Governor Tucker has refused.

While he was Lieutenant Governor, Tucker acted on a clemency petition of Wayne Dumond (when Governor Clinton was out of the state) at Governor Clinton's request because of Mr. Clinton's family relationship to the alleged victim of the clemency applicant.

/s/ Olan Reeves

Olan Reeves

Sr. Assistant Attorney General

/s/ Jeff Rosenzweig

Jeff Rosenzweig

Attorney for Pickens