24 F.3d 1032
 Jonas H. WHITMORE, Plaintiff-Appellant,
v.
Mike GAINES, Mary Jean Bennett, Leroy Brownlee, Charles
Chastain, Ermer Pondexter, James Stanley, Deborah Suttlar,
as members of the Post Prison Transfer Board; Larry Norris,
Director, Arkansas Department of Correction; and the Hon.
Jim Guy Tucker, Governor of the State of Arkansas;
Defendants-Appellees.
 No. 94-2142.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 10, 1994.
 Decided May 10, 1994.
Rehearing and Suggestion for Rehearing
En Banc Denied May 11, 1994.*
 
 Deborah Sallings, Death Penalty Resource Center, Little Rock, AR, for appellant.
 Pamela Rumpz, Asst. Atty. Gen., Little Rock, AR, for appellees.
 Before LOKEN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.
 HANSEN, Circuit Judge.
 
 
 1
 Jonas H. Whitmore appeals the district court's[1] order dismissing his complaint brought pursuant to 42 U.S.C. Sec. 1983 and denying his request for a temporary restraining order. Whitmore contends that the district court erred in concluding that his complaint failed to state the violation of a constitutional right. We affirm.
 
 I.
 
 2
 Whitmore is an Arkansas inmate on death row, scheduled to be executed by lethal injection by the State of Arkansas on May 11, 1994. In 1986, Whitmore was convicted of capital murder for stabbing to death Essie Mae Black, a 62-year-old woman. The Arkansas Supreme Court affirmed his conviction and sentence on direct appeal, see Whitmore v. State, 296 Ark. 308, 756 S.W.2d 890 (1988), and denied his request to proceed under Rule 37 of the Arkansas Rules of Criminal Procedure, see Whitmore v. State, 771 S.W.2d 266 (1989). Whitmore then filed in federal district court a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The district court denied Whitmore's petition for a writ of habeas corpus, see Whitmore v. Lockhart, 834 F.Supp. 1105 (E.D.Ark.1992), but granted a stay of execution pending an appeal to the Eighth Circuit. This court affirmed the judgment of the district court. See Whitmore v. Lockhart, 8 F.3d 614 (8th Cir.1993). On April 5, 1994, the district court granted the State's motion to dissolve Whitmore's stay of execution.
 
 
 3
 On April 22, 1994, Whitmore filed an application for executive clemency. The Post Prison Transfer Board conducted a hearing on Whitmore's application, and persons in opposition to his application also appeared before the board. On April 28, 1994, the board voted unanimously to recommend to the governor that Whitmore's application be denied. After independently reviewing the board's recommendation, Governor Jim Guy Tucker denied Whitmore's request for clemency on May 8, 1994. Whitmore filed this 42 U.S.C. Sec. 1983 action seeking to have the district court declare the board's action unconstitutional and requesting a temporary restraining order to enjoin his execution. Finding no constitutional violation, the district court dismissed Whitmore's Sec. 1983 action and denied his request for a temporary restraining order. Whitmore appeals.
 
 II.
 
 4
 Whitmore contends that the district court erred in finding that he had failed to state a constitutional violation. The facts are not in dispute. We review de novo the district court's legal determination that no constitutional claim was presented. Whitmore contends that the clemency proceedings denied him due process of law in violation of the Fourteenth Amendment to the Constitution because the board allegedly misunderstood its function. Whitmore filed an affidavit alleging that during the clemency proceedings, one board member asked questions about whether Whitmore was contending that his sentence was illegal, and if not, how would the board be able to act on his clemency application. Whitmore's attorney replied that the basis for Whitmore's request for clemency was the evidence he presented that Whitmore had changed his life, that he was attempting to help others, and that he had begun to reestablish a relationship with his daughter. Whitmore contends that these questions from a single board member demonstrate a due process violation in that the board focussed on whether Whitmore's sentence was illegal rather than the evidence he presented.
 
 
 5
 The power of executive clemency is one of mercy which may be exercised to commute a legally imposed sentence. In Arkansas, the Post Prison Transfer Board has no authority to grant clemency; its duty is to investigate an application for clemency and submit to the governor its recommendation regarding the application. See Ark.Code Ann. Sec. 16-93-204 (Michie Supp.1993). The recommendation is not binding on the governor and nothing in the Arkansas Code restricts the discretion of either the board or the governor. While the statute does require the board to solicit the nonbinding recommendations of the committing court, the prosecuting attorney, the sheriff in whose county trial was had, and the victim or the victim's next of kin, it imposes no standards, criteria, or factors which the board may or may not consider in making its recommendation. When a commutation statute does not impose standards constraining the discretion of the board as to when clemency must be granted, the statute does not create a constitutional right or entitlement sufficient to invoke the Due Process Clause. See Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 466-67, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981). See also Otey v. Hopkins, 5 F.3d 1125, 1128-29 n. 3 (8th Cir.1993) ("standardless" clemency statute creates no protectable interest, only the right to ask for mercy), cert. denied, --- U.S. ----, 114 S.Ct. 2768, 129 L.Ed.2d 881 (1994).
 
 
 6
 In this case, the board conducted its clemency proceedings in accord with the procedures set forth in the state statute, thus fulfilling its obligations to Whitmore. Absent any statutory standards governing what criteria the board may consider, we believe that any question asked by a single board member in an effort to explore or draw out asserted reasons for clemency or to reach a decision concerning the application would be appropriate. We also believe the fact that the prisoner seeking clemency acknowledges the legality of his sentence is a factor to which a clemency board may give such weight as it chooses. Acceptance of responsibility is usually seen as mitigating in effect. The questions attributed to the board member implicate no constitutionally suspect reason for the board's unanimous adverse recommendation. Therefore, we conclude that the district court did not err by dismissing Whitmore's 42 U.S.C. Sec. 1983 petition and denying his request for a temporary restraining order.
 
 III.
 
 7
 Accordingly, we affirm the judgment of the district court and deny as moot Whitmore's motion for stay of execution pending appeal.
 
 
 
 *
 Chief Judge Arnold and Judges McMillian and Wollman would grant the suggestion for rehearing
 
 
 [1]
 The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas