Edward Charles PICKENS, Appellant,

v.

Jim Guy TUCKER, Governor of the State of Arkansas; Larry Norris, Director, Arkansas Department of Correction, Appellees.

No. 91–2103EA.

United States Court of Appeals, Eighth Circuit.

May 12, 1994.

Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

## AMENDED ORDER

This matter comes before the court on appellees' suggestion for rehearing en banc. It is hereby ordered that appellees' suggestion is granted. Chief Judge Richard S. Arnold, Judge McMillian, Judge Wollman and Judge Morris S. Arnold would deny the suggestion for rehearing en banc.

By operation of the order granting the suggestion for rehearing en banc, the panel's May 9, 1994 judgment is vacated.

On rehearing en banc the district court's May 4, 1994 order and judgment, 851 F.Supp. 363, are affirmed for the reasons stated in that order. The stay of execution of a sentence of death previously granted by this court on May 9, 1994 is hereby vacated. Chief Judge Richard S. Arnold, Judge McMillian, Judge Wollman, and Judge Morris S. Arnold would grant a stay, reverse the district court's order and remand the matter

---

1477

for further proceedings consistent with the panel's May 9, 1994 judgment.

The .clerk is directed to file Judge Morris S. Arnold's dissent as an attachment to this order. Chief Judge Richard S. Arnold, Judge McMillian and Judge Wollman join in Judge Morris S. Arnold's dissent.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

*Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981) is, despite the state's argument, rather in Pickens's favor than against him. While it holds that due process does not require that a petitioner be given reasons for a denial of clemency, it also holds that there is a constitutionally protected right to seek commutation if the state creates a procedure to obtain it. It seems to me axiomatic that this right to access must be real: It must mean access to a sentient and neutral decision-maker. I don't mean that the decision-maker has to be ignorant; only that he must be unbiased. An impartial decision-maker is a fundamental requirement of due process. *See, e.g., Morrisey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972). Furthermore, Pickens has stated a claim under the equal protection clause. If the petitioner's allegation were that the governor was biased against him because he was a man, or black, then it seems clear that an equal protection claim would have been made. The right to an unbiased decision-maker can be couched generally as an equal protection claim: The petitioner is asserting that he does not, as a practical matter, have the same access to a state-created process as people with respect to whom the governor has no bias.

Because I think that Pickens's allegations, if true, would raise a permissible inference that Governor Tucker is not neutral in the matter, I vote to reverse and remand the case for a hearing on the question of the governor's fitness to rule on Pickens's petition.

I therefore respectfully dissent.