See also 860 F.Supp. 631.

---

**Darryl V. RICHLEY, Hoyt Franklin Clines, and James William Holmes, Plaintiffs,**

**v.**

**Mike GAINES, Mary Jean Bennett, Leroy Brownlee, Charles Chastain, Ermer Pondexter, James Stanley, Deborah Suttlar, as members of the Post Prison Transfer Board; Larry Norris, Director of the Arkansas Department of Correction; and Jim Guy Tucker, Governor of the State of Arkansas, Defendants.**

No. PB–C–94–425.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 1, 1994.

Mark S. Cambiano, Cambiano Law Firm, Morrilton, AR, for Darryl V. Richley.

Gerald A. Coleman, Durrett & Coleman, West Memphis, AR, for Hoyt Franklin Clines.

Steven W. Hawkins, NAACP Legal Defense Fund, Inc., New York City, for James William Holmes.

Olan W. Reeves, Attorney General's Office, Little Rock, AR, for defendants.

### ORDER

HENRY WOODS, District Judge.

Darryl V. Richley, scheduled to be executed the day after tomorrow, August 3, 1994, sues members of the Post Prison Transfer Board, Larry Norris, Director of the Arkansas Department of Correction, and the Honorable Jim Guy Tucker, Governor of the State of Arkansas, to enjoin his execution. He argues that the clemency proceeding before the Prison Transfer Board on July 29, 1994, was fundamentally unfair, arbitrary and capricious, and "the legal argument presented by the plaintiff fell on deaf ears."

Thus, he claims a violation of due process under the Fourteenth Amendment.

In an amendment to Richley's original complaint, Hoyt Franklin Clines and James William Holmes were joined as additional party plaintiffs. In this amendment, they essentially adopt Richley's argument regarding due process at the hands of the Post Prison Transfer Board.

 This precise argument was recently rejected by the Court of Appeals in a suit against these same defendants, *Whitmore v. Gaines,* 24 F.3d 1032 (8th Cir.1994) (en banc rehearing denied May 11, 1994):

> The power of executive clemency is one of mercy which may be exercised to commute a legally imposed sentence. In Arkansas, the Post Prison Transfer Board has no authority to grant clemency; its duty is to investigate an application for clemency and submit to the governor its recommendation regarding the application. *See* Ark.Code.Ann. 16–93–204 (Michie Supp.1993). The recommendation is not binding on the governor and nothing in the Arkansas Code restricts the discretion of either the board or the governor.

*Id.* at 1034.

*See also Otey v. Hopkins,* 5 F.3d 1125, 1128–29 n. 3 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 2768, 129 L.Ed.2d 881 (1994) ("standardless" clemency statute creates no protectible interest, only the right to ask for mercy). As this Court stated in *Pickens v. Tucker,* 851 F.Supp. 363 (E.D.Ark.), *aff'd,* 23 F.3d 1477, *cert. denied,* —— U.S. ——, 114 S.Ct. 1206, 127 L.Ed.2d 553 (1994): "In Arkansas, there are no standards as to when clemency must be granted. The sole pardoning power is vested in the governor under Article 6, Section 18, under the Arkansas Constitution ... The Arkansas Constitution in Article 6, Section 18, which grants clemency power to the governor, does not proscribe, delineate procedure, or set up standards for the exercise of clemency. It is purely a matter of grace." *Id.,* 851 F.Supp. at 365.

In *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981), the Supreme Court held that when a commutation statute does not impose standard as to when clemency must be granted, the statute does not create a protected interest in clemency and does not trigger due process protection.

 The three plaintiffs further assert that it is a violation of their Constitutional rights for the State of Arkansas to carry out a triple execution on August 3, 1994. No authority is cited for this proposition, and we find it to be without merit.

Plaintiffs' request for an injunction, for a stay, and for an immediate hearing is hereby denied, since the stated grounds therefor are without merit.

IT IS SO ORDERED.