No. 96-2688

John J. Joubert,                         *
                                         *
         Appellant,                      *
                                         *
    v.                                   *
                                         *
Nebraska Board of Pardons,               *
Donald B. Stenberg, Attorney             *
General of the State of                  *
Nebraska, individually and in            *   Appeal from the United States
his official capacity;                   *   District Court for the District
E. Benjamin Nelson, Governor             *   of Nebraska.
of the State of Nebraska,                *
individually and in his                  *
official capacity;                       *
Scott A. Moore, Secretary of             *
State of the State of Nebraska,          *
individually and in his                  *
official capacity;                       *
Frank X. Hopkins, Warden of              *
the Nebraska State                       *
Penitentiary, individually               *
and in his official capacity,            *
                                         *
         Appellees.                      *

                    Submitted:  June 27, 1996

                        Filed:  June 27, 1996

Before BEAM, BRIGHT, and LOKEN, Circuit Judges.

BEAM, Circuit Judge.

    John J. Joubert appeals the district court's[1] order denying temporary
and permanent injunctive relief under 42 U.S.C. § 1983, based on alleged
constitutional violations relating to the

---

[1]The Honorable William G. Cambridge, Chief Judge, United
States District Court for the District of Nebraska.

procedures, conduct, and makeup of the Nebraska Board of Pardons (Board). We affirm the district court and deny Joubert's emergency application for an injunction pending appeal.

## I.    BACKGROUND

Joubert, currently in the custody of the State of Nebraska under two sentences of death for murdering two boys in 1983, is scheduled to be executed at 12:01 a.m. CDT on June 28, 1996.  The facts of Joubert's case and his various legal challenges can be found in other opinions including Joubert v. Hopkins, 75 F.3d 1232 (8th Cir. 1996) and thus we need not fully recount them here.

At 4:15 p.m. on June 26, 1996, the Board unanimously denied, without a hearing, Joubert's application for commutation of his capital sentences and dissolved the previously issued stay of execution triggered by the application.  Prior to the Board's decision, Joubert filed this section 1983 action in federal district court, seeking a temporary restraining order and preliminary injunction prohibiting his execution until the merits of his complaint were decided.  Joubert's section 1983 claim alleged three constitutional violations.  First, he asserted that the Board failed to comply with the requirement that Joubert's commutation application "shall be considered" under Neb. Rev. Stat. § 83-1,129(2) (Reissue 1994), and thus violated his procedural due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.  Second, Joubert contended that the Board failed to comply with its own procedural provisions, as set out in Rule 004.05 of the Nebraska Pardons Board Policy and Procedure Guidelines, by attempting to limit the testimony presented in the event a hearing were granted thereby violating his procedural due process rights.  Third, Joubert argued that the makeup of the Board, which included the Attorney General of the

State of Nebraska (A.G.),[2] violated Joubert's substantive due process rights under the Fifth and Fourteenth Amendments because the A.G.'s dual role as prosecutor and arbiter rendered the clemency process fundamentally unfair. Joubert also asserted that the A.G.'s participation violated Joubert's Eighth Amendment right to be free from cruel and unusual punishment.

The district court dismissed Joubert's complaint and denied his motion for a temporary restraining order. The district court entered its order prior to the Board's decision to deny Joubert's commutation application. After concluding it had jurisdiction, the district court held that Joubert failed to demonstrate the violation of a constitutional right, a requirement in a section 1983 claim. Joubert appeals the district court's order and requests an injunction prohibiting his execution until the merits of his appeal are decided.

## II. DISCUSSION

On appeal, Joubert makes the same three arguments that he made to the district court. We first address Joubert's assertion that the Board violated his procedural due process rights by failing to consider his commutation application. It is well-established that prisoners have no constitutional or fundamental right to clemency. Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 463-64 (1981); Otey v. Stenberg, 34 F.3d 635, 637 (8th Cir. 1994). Moreover, "`[w]hen a commutation statute does not impose standards constraining the discretion of the board as to when clemency must be granted, the statute does not create a constitutional right or entitlement sufficient to invoke the Due Process Clause.'" Otey v. Stenberg, 34 F.3d at 637 (quoting Whitmore v. Gaines, 24 F.3d 1032,

--------------------

[2]The Board currently consists of three members: Governor E. Benjamin Nelson; Secretary of State Scott A. Moore; and Attorney General Donald B. Stenberg. Neb. Rev. Stat. § 83-1,126 (Reissue 1994); see also Neb. Const. art. IV, § 13.

-3-

1034 (8th Cir. 1994)).  Such is the case here.  The Nebraska statute governing the operation of the Board gives the Board "unfettered discretion to grant or deny a commutation of a lawfully imposed sentence for any reason or for no reason at all."  Otey v. State, 485 N.W.2d 153, 166 (Neb. 1992).  The Nebraska statute requires only that an application requesting the Board to exercise its pardon authority "shall be considered with or without a hearing by the board at its next regular scheduled meeting."  Neb. Rev. Stat. § 83-1,129(2) (Reissue 1994).  Therefore, the only interest created by the Nebraska statute is "the right to ask for mercy."  Otey v. Stenberg, 34 F.3d at 637 (emphasis added).

Joubert asserts that the Board did not actually consider his commutation application because its members were predisposed to deny it. To support this assertion, Joubert relies upon various statements made by Board members to the media, in which they expressed skepticism as to the likelihood of granting Joubert's commutation application or request for a hearing.  Although these statements might reflect the members' predisposition, such predisposition does not mean that the members failed to fulfill their statutorily imposed duty to consider the application.  On June 26, 1996, the Board did in fact consider Joubert's application and decided to deny it without a hearing.  Such action is within the Board's discretion.  Furthermore, we are bound by our prior decision in Otey v. Stenberg in which we determined that the Nebraska clemency statute "does not create a protectable interest in the manner in which the Board receives [a] request or in having unbiased decisionmakers on the Board."  Id.  If the Nebraska clemency statute does not create an interest in having unbiased decisionmakers on the Board, it certainly does not create an interest in having a commutation application considered by Board members without predispositions about the prisoner's likelihood of

-4-

success.[3]  We conclude, therefore, that the Board met its statutorily imposed duty to consider Joubert's commutation application and thus he has failed to demonstrate a violation of any constitutionally protected interest on which to base his section 1983 claim.

Joubert next contends that a member of the Board violated his procedural due process rights by seeking to limit the testimony presented to the Board in the event a hearing were granted.  Since we have already determined that no procedural due process right accrues, this contention is without merit.  In any event we note that Joubert points to Rule 004.05 of the Nebraska Pardons Board Policy and Procedure Guidelines which states that an applicant sentenced to death "shall receive three hours for presentation of information and argument to the Board."  This rule, however, only applies if the Board decides to grant a hearing.  In the present case, the Board denied Joubert's request for a hearing and thus Rule 004.05 is inapplicable.  Moreover, Joubert's argument is speculative, at best, because a hearing was never held.  Furthermore, even if a hearing had been held, we have no way of knowing whether the full Board would have adopted that member's recommendations and limited the testimony. Therefore, Joubert's section 1983 claim fails because he did not establish a right deserving of constitutional protection, given that no hearing was held.

Finally, Joubert contends that the participation of the A.G. in the clemency process violates Joubert's substantive due process rights because the A.G. served in dual roles of both prosecutor and arbiter.  This argument fails, however, in light of our prior

---

[3]Joubert's attempt to distinguish Otey v. Stenberg from the present case on the ground that, unlike Joubert, Otey was given a hearing before his application was denied lacks merit because the Board may deny the application "with or without a hearing."  Neb. Rev. Stat. § 83-1,129(2) (Reissue 1994).

decision in <u>Otey v. Stenberg</u>, in which we held that due process never attached to clemency proceedings because the only right created under Nebraska law, which does not impose any limits or standards on the Board, is the right to ask for clemency.  34 F.3d at 637-38.  As noted above, Joubert has no right to a Board consisting of unbiased decisionmakers.  <u>Id.</u> at 637.  Therefore, Joubert's section 1983 claim based on this alleged substantive due process violation also fails.  We have considered Joubert's remaining arguments, including his Eighth Amendment claim, and find them to be without merit.

**III.  CONCLUSION**

Because Joubert failed to prove that the Board's conduct, proceedings, or makeup violated a constitutionally protected right, his section 1983 claim must fail.  Accordingly, we affirm the district court's order and deny Joubert's emergency application for an injunction pending appeal.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-