103 F.3d 708
 Kirt Douglas WAINWRIGHT, Appellant,
v.
Leroy BROWNLEE, Member of The Arkansas Post-Prison Transfer
Board; August Pieroni, Member of The Arkansas Post-Prison
Transfer Board; Charles Chastain, Member of The Arkansas
Post-Prison Transfer Board; Ermer Pondexter, Member of The
Arkansas Post-Prison Transfer Board; Fred Allen, Member of
The Arkansas Post-Prison Transfer Board; Railey Steele,
Member of The Arkansas Post-Prison Transfer Board; Larry
Norris, Director, Arkansas Department of Correction; Mike
Huckabee, Governor of Arkansas, Appellees.
Kirt Douglas WAINWRIGHT, Appellant,
v.
Mike HUCKABEE, Governor of Arkansas; Olan Reeves; Larry
Norris, Director, Arkansas Department of
Correction, Appellees.
 No. 97-1065.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 8, 1997.
Decided Jan. 8, 1997.
 
 Craig Lambert, Little Rock, AR, for Appellant.
 Kelly Kristine Hill, Little Rock, AR, for Appellee.
 Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Two days before his scheduled execution for killing a convenience store clerk in Arkansas, Kirt Wainwright filed two civil rights lawsuits to delay his death. In the first action, Wainwright asserts his constitutional rights were violated on December 26, 1996 when the Post-Prison Transfer Board declined to recommend clemency without considering his case on the merits because Wainwright had not yet exhausted his habeas remedies in the courts. On January 2, 1997, however, we decided against Wainwright in the habeas proceedings the Board mentioned. Wainwright v. Norris, No. 96-8168 (8th Cir. Jan. 2, 1997) (order denying motion for authorization to file second habeas petition); Wainwright v. Norris, No. 94-3525 (8th Cir. Jan. 2, 1997) (order denying motion to recall mandate). We see nothing in the Board's ruling foreclosing consideration of the merits of Wainwright's request for mercy now, when the request is truly Wainwright's last chance. In the second action, Wainwright asserts his equal protection, due process, and Eighth Amendment rights have been violated because the Governor of Arkansas and his executive clemency assistant have actual conflicts of interest. Wainwright also asserts he was denied his due process right to be considered for executive clemency because the Governor allegedly had decided in November that he would not commute Wainwright's death sentence. Contrary to Wainwright's assertion, on December 9, in declining to recuse himself from deciding Wainwright's fate, the Governor wrote Wainwright's attorney that he would decide the case "fairly and impartially as [he was] obligated to do." Plaintiff's Complaint Exhibit 3, Wainwright v. Huckabee, No. LR-C-97-12 (E.D.Ark. Jan. 6, 1997). The district court consolidated the lawsuits and dismissed them with prejudice. Wainwright v. Brownlee, No. LR-C-97-11 (E.D.Ark. Jan. 7, 1997). Wainwright appeals.
 
 
 2
 Under the established law of this circuit, Wainwright's civil rights claims fail. See Whitmore v. Gaines, 24 F.3d 1032, 1034 (8th Cir.1994) (holding Arkansas statute does not impose standards constraining discretion about granting clemency, and thus does not create a constitutional right and invoke the Due Process Clause); Pickens v. Tucker, 851 F.Supp. 363, 365 (E.D.Ark.) (rejecting civil rights claim that clemency decision by biased Governor violates due process or equal protection), aff'd, 23 F.3d 1477 (8th Cir.1994) (en banc); see also Joubert v. Nebraska Bd. of Pardons, 87 F.3d 966, 969 (8th Cir.) (holding there is no constitutionally protected interest in how the Nebraska Board of Pardons receives a clemency request or in having unbiased decisionmakers on the Board; right to consideration of clemency not violated when decisionmaker is predisposed), cert. denied, --- U.S. ----, 117 S.Ct. 1, 135 L.Ed.2d 1097 (1996); Otey v. Stenberg, 34 F.3d 635, 637-39 (8th Cir.1994) (holding no procedural or fundamental constitutional right creates a protected interest in standardless clemency statute; absent a constitutionally protected interest, clemency statute only provides a state-created right to ask for mercy); Otey v. Hopkins, 5 F.3d 1125, 1128-29 n. 3 (8th Cir.1993) (same), cert. denied, 512 U.S. 1246, 114 S.Ct. 2768, 129 L.Ed.2d 881 (1994).
 
 
 3
 Thus, the questions presented in this appeal do not require further consideration and we summarily affirm the district court's dismissal of the lawsuits. See 8th Cir. R. 47A(a). In doing so, we commend the district court for its prompt and well-reasoned resolution of the issues. Last, because there is not a substantial ground for granting relief, we deny Wainwright's motion for a stay of execution. See Delo v. Stokes, 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990) (per curiam).
 
 
 4
 HENLEY, Senior Circuit Judge, concurring.
 
 
 5
 I concur in the court's opinion. My concurrence, however, is with some misgiving. We rely in part on Pickens v. Tucker, 851 F.Supp. 363 (E.D.Ark.), aff'd, 23 F.3d 1477 (8th Cir.1994) (en banc). But in that affirmance, 23 F.3d at 1478, Circuit Judge Morris Sheppard Arnold, joined by Chief Judge Richard S. Arnold, Judge McMillian and Judge Wollman, would have remanded for a determination of the neutrality of then Governor Tucker.
 
 
 6
 We rely as well on Otey v. Stenberg, 34 F.3d 635 (8th Cir.1994), in which Senior Circuit Judge John R. Gibson dissented raising serious questions about fundamental fairness or bias in clemency proceedings.
 
 
 7
 Thus, while I accept the Governor's assurance that he would decide the case impartially, as indicated I am troubled by the state of the law in this field and look forward to possible changes.