United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3101

_____

Eugene Wallace Perry,                             *
                                                  *
        Plaintiff/Appellee,                       *
                                                  *
                                                  *   Appeal from the United States
              v.                                  *   District Court for the Eastern
                                                  *   District of Arkansas.
Leroy Brownlee, Member of the                     *
Arkansas Post-Prison Transfer                     *        [PUBLISHED]
Board; Charles Chastain, Member                   *
of the Arkansas Post-Prison                       *
Transfer Board; Ermer Pondexter,                  *
Member of the Arkansas Post-Prison                *
Transfer Board; August Pieroni,                   *
Member of the Arkansas Post-                       *
Prison Transfer Board; Fred Allen,                *
Member of the Arkansas Post-                       *
Prison Transfer Board; Railey                     *
Steele, Member of the Arkansas                    *
Post-Prison Transfer Board;                       *
Mike Huckabee, Governor of                        *
the State of Arkansas,                            *
                                                  *
        Defendants/Appellants.                    *

_____

Submitted: August 1, 1997
Filed: August 4, 1997

_____

Before BOWMAN, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Appellant state of Arkansas moves to vacate an order of the district court granting Eugene Wallace Perry's request for a temporary restraining order and a stay of the execution scheduled for August 6, 1997. On July 22, 1997 Perry brought this action under 42 U.S.C. § 1983, alleging that the Arkansas Post Prison Transfer Board and Governor Mike Huckabee violated his due process and equal protection rights under the fifth and fourteenth amendments by failing to consider his claim of actual innocence in his state clemency proceedings.[1]

The Arkansas Post Prison Transfer Board held a hearing on July 7, 1997 on Perry's request for executive clemency from the death sentence imposed for the murders of Kenneth Staton and Suzanne Ware in 1980. During the morning session of the clemency hearing, Perry presented photographs, drawings, and testimonial evidence to show his actual innocence, including the live testimony of Marion Pruett, a death row inmate who has stated he committed the murders. Much of this was previously raised in Perry's second federal habeas corpus petition, on which relief was denied. See Perry v. Norris, 879 F. Supp. 1503 (E.D. Ark. 1995), aff'd, 107 F.3d 665 (8th Cir. 1997). The Arkansas statute governing executive clemency directs the board to solicit recommendations on a clemency application from the prosecuting attorney and the next of kin of a victim, Ark. Code Ann. § 16-93-204 (Michie Supp. 1995), and the board heard this type of testimony during the afternoon session. Perry alleges that within five minutes of the completion of the hearing, the board unanimously recommended to the governor that he deny Perry's application for executive clemency. A newspaper article

---

[1]Perry filed two other § 1983 actions in July 1997. The first of these actions was dismissed in the district court and affirmed on appeal. Perry v. Morgan, PB-C-97-294 (E.D. Ark. July 3, 1997), aff'd, No. 97-2930 (8th Cir. July 30, 1997). The second was also dismissed in the district court. Perry v. Morgan, PB-C-97-295 (E.D. Ark. July 31, 1997). In addition, Perry filed an application in this court on July 29, 1997 to file a successive writ of habeas corpus, which was denied. No. 97-8169EAPB (8th Cir. Aug. 1, 1997).

quoted a member of the board as saying: "This is not about whether he is innocent or guilty. This is about whether we want to show some mercy. The victim's family did a real good job."

In his § 1983 action, Perry asserts that (1) the board did not review evidence that he is actually innocent, violating his due process right to full and fair consideration of his clemency application; (2) the board considered evidence of his guilt but not his innocence, violating his right to equal protection under the fifth and fourteenth amendments; and (3) the board has a policy and practice of considering only whether the inmate is remorseful and has changed, but not whether he is actually innocent, which is unconstitutional because it requires him to sacrifice his fifth amendment privilege against self-incrimination to assert his due process right to be considered for clemency.

The district court granted a temporary restraining order and stay of execution. Relying on Woodard v. Ohio Adult Parole Auth., 107 F.3d 1178 (6th Cir.) (holding that Ohio clemency proceeding must comport with "minimal, perhaps even barely perceptible" due process standards), cert. granted, 117 S. Ct. 2507 (1997), the court held that Perry had raised "significant" due process and equal protection[2] claims that require further development and scrutiny. The court also considered the interest in ensuring due process to a capital defendant and found Perry faced irreparable harm. It determined that the execution should be stayed and the defendants should be temporarily enjoined from concluding Perry's clemency proceedings (There is no evidence in the record that the governor has yet ruled on Perry's clemency request).

---

[2]The Woodard court declined to address the merits of the equal protection claim before it, 107 F.3d 1178, 1193, and the district court in this case did not discuss the merits of the equal protection claim alleged by Perry.

-3-

The state argues a § 1983 action is not an appropriate vehicle for granting a stay of execution. It says Perry's action should be treated as a successive habeas petition under Gomez v. United States Dist. Ct., 503 U.S. 653 (1992), and the stay should be vacated because Perry has not shown substantial grounds upon which relief might be granted. The district court applied the wrong legal standard, the state contends, by granting the stay based on irreparable injury to Perry and concluding he has raised significant claims.

The death penalty is the ultimate penalty, but that fact alone does not require a stay of execution when legal challenges are raised. See Maggio v. Williams, 464 U.S. 46, 48-49 (1983) (per curiam) (stay of execution pending disposition of petition for certiorari is not a matter of right). After completion of direct review, "a presumption of finality and legality attaches to the conviction and sentence." Barefoot v. Estelle, 463 U.S. 880, 887 (1983). A stay of execution pending disposition of a §1983 suit should be granted only if there are substantial grounds on which relief might be granted. Wainwright v. Brownlee, 103 F.3d 708, 710 (8th Cir. 1997) (per curiam) (citing Delo v. Stokes, 495 U.S. 320, 321 (1990) (per curiam) (stay of execution pending disposition of successive habeas petition "should be granted only when there are 'substantial grounds upon which relief might be granted.'") (quoting Barefoot, 463 U.S. at 895)); see also Ingram v. Ault, 50 F.3d 898, 900 (11th Cir. 1995) (petitioner on death row bringing § 1983 claim for temporary restraining order must show a "substantial likelihood of ultimate success on the merits"). The burden is on the movant to make this showing. Ingram, 50 F.3d at 900.

Perry has not shown there is a substantial likelihood of success on the merits of his due process claims that are at the core of his § 1983 action. Perry presented to the board documentary and testimonial evidence regarding his claim of actual innocence during the morning session of the hearing. The fact that the board made its recommendation shortly after the afternoon session in which it heard evidence supporting his guilt does not make its action unconstitutional under the due process

clause. The Arkansas statute requires the board to solicit the recommendations of the prosecuting attorney and the next of kin, but "imposes no standards, criteria, or factors which the board may or may not consider in making its recommendation." Whitmore v. Gaines, 24 F.3d 1032, 1034 (8th Cir. 1994); see Ark. Code Ann. § 16-93 -204 (Michie Supp. 1995). Since the statute "does not impose standards constraining the discretion of the board as to when clemency must be granted, the statute does not create a constitutional right or entitlement sufficient to invoke the Due Process Clause." Id. (citing Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 466-67 (1981); Otey v. Hopkins, 5 F.3d 1125, 1128-29 n.3 (8th Cir. 1993) ("'standardless' clemency statute creates no protectable interest, only the right to ask for mercy"), cert. denied, 446 U.S. 988 (1994)); Perry v. Morgan, No. 97-2930, slip op. at 4 (8th Cir. July 30, 1997). For these reasons Perry has not made out a due process claim on which he could obtain the relief he seeks.[3] His claim based on a conflict between his fifth amendment privilege against self-incrimination and his asserted due process right in the clemency proceeding also must fail because it depends on the existence of a due process right arising from the Arkansas clemency statute.[4]

Perry has not even alleged a basis for the equal protection claim mentioned in his complaint. He asserts that the refusal of the board to consider his evidence (a refusal

---

[3]We note that Perry has previously presented his contention that he is actually innocent of the murders in his second petition for habeas corpus and in his motion for authorization to proceed with his application for leave to file a third petition for habeas corpus. The basis for his assertion was exhaustively considered in response to his second habeas petition. The motion to proceed with a third habeas corpus petition was filed after his clemency hearing had been held and the board had voted, and Perry also had the opportunity to assert any basis for his actual innocence in that application.

[4]Perry has also not made a sufficient showing under the standard stated in Woratzeck v. Arizona Bd. of Exec. Clemency, No. 97-99015, 1997 WL 366017, at *3-4 (9th Cir. June 24, 1997), which concluded a procedural due process right would arise if the clemency board procedures "shock the conscience." The procedures of the Arkansas Post Prison Transfer in this case do not shock the conscience.

presumed by Perry) violates his right to equal protection, but he does not articulate any constitutional theory. A petitioner does not have a right under the equal protection clause to an unbiased decisionmaker under the Arkansas executive clemency statute. Pickens v. Tucker, 851 F. Supp. 363, 365 (E.D. Ark.), aff'd, 23 F.3d 1477 (8th Cir. 1994) (en banc); see also Wainwright, 103 F.3d at 709-10 (rejecting equal protection claim based on alleged bias of decisionmaker). Perry has offered no legal basis or any authority in support of this claim. He has not argued that the board has treated other clemency applications differently, that a fundamental right is involved, that he is a member of a suspect class, or even that any particular differentiation was created by the board's conduct. See, e.g., Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991) ("To state an equal protection claim, plaintiff must show at a minimum that the state has failed to treat similarly situated persons alike."); Nordlinger v. Hahn, 505 U.S. 1, 10 (1992); Harris v. McRae, 448 U.S. 297, 323-24 n. 26 (1980) (equal protection clause requires challenger to show the government "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' adverse effects upon an identifiable group." ) (citations omitted).

For these reasons the district court erred in issuing a temporary restraining order and a stay of execution. Its order is reversed, and the temporary restraining order and stay of execution are hereby vacated.[5]

---

[5]Since Perry has not made a sufficient showing to obtain a stay of execution, we need not consider the argument that Gomez means every § 1983 claim should be treated as a successive habeas petition and that a § 1983 action would never be an appropriate vehicle for obtaining a stay of execution.

A true copy.

 Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.