**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DOUGLAS MCARTHUR BUCHANAN, JR.,
Plaintiff-Appellee,

v.

JAMES S. GILMORE, III, Governor,
Commonwealth of Virginia, in his

individual and official capacities;
RONALD J. ANGELONE, Director,
Virginia Department of Corrections,
in his individual and official
capacities,
Defendants-Appellants.

No. 98-6380

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-98-146-3)

Submitted: March 17, 1998

Decided: March 18, 1998

Before ERVIN, Circuit Judge, and BUTZNER and HALL,
Senior Circuit Judges.

_____

Vacated and reversed by published per curiam opinion.

_____

**COUNSEL**

Katherine P. Baldwin, OFFICE OF THE ATTORNEY GENERAL,
Richmond, Virginia, for Appellants. Gerald Thomas Zerkin, GER-

ALD T. ZERKIN & ASSOCIATES, Richmond, Virginia, for Appellee.

_____

## OPINION

PER CURIAM:

Douglas McArthur Buchanan, Jr., is currently incarcerated under sentence of death in the Commonwealth of Virginia. After the Supreme Court denied Buchanan relief, Buchanan v. Angelone, 118 S. Ct. 757, 66 U.S.L.W. 4075 (U.S. Jan. 21, 1998) (No. 96-8400), his execution was scheduled for March 18, 1998. On March 13, 1998, Buchanan filed a petition in the United States District Court for the Eastern District of Virginia against James S. Gilmore, III, Governor, Commonwealth of Virginia, in his individual and official capacities, and Ronald J. Angelone, Director, Virginia Department of Corrections, in his individual and official capacities, pursuant to 42 U.S.C. § 1983. Buchanan sought a declaratory judgment, a temporary restraining order, and injunctions against his execution until such time as his application for clemency is subject to consideration and resolution by a lawfully empowered official of the Commonwealth who does not suffer a conflict of interest and who can act upon the plaintiff's clemency petition consistent with due process of law. Having examined the merits, we reverse the relief that the district court granted and deny the stay of execution.

The power of clemency is conferred upon the Governor by the Constitution of Virginia. Va. Const. art. V, § 12. The Lieutenant Governor is authorized to act only if the Governor is "unable to discharge the powers and duties of his office." Va. Const. art. V, § 16.

Buchanan alleges that inasmuch as the Governor served as Attorney General of Virginia in prior proceedings concerning his case, he is disqualified by a conflict of interest from considering his clemency application.

After a hearing, the district court found good cause existed for the delay in filing this action and denied the Commonwealth's motion to

2

dismiss. The court granted a preliminary injunction enjoining the defendants from executing Buchanan until further order of the district court.

The Commonwealth filed a motion to vacate the stay of execution and the injunction granted by the district court. Buchanan filed a response at 9:57 a.m. on March 18, 1998.

I

Buchanan's § 1983 petition to the district court lacks merit for the following reasons. Although Buchanan's current action is brought under § 1983, the substance of his clemency petition which he has filed in preliminary form is based on trial error. It recounts his unfortunate upbringing and complains about the exclusion of mitigating evidence at the sentencing phase that would depict the story of his youth. In his proposed petition for clemency, he particularly assails the trial court's exclusion of part of the testimony of Dr. Brown, his expert witness. Dr. Brown was allowed to testify that Buchanan was under extreme emotional distress at the time of the killings. He was also allowed to testify about evidence in support of his conclusions. However, the trial court did not permit him to recite interviews that he had conducted among neighbors and members of the Buchanan family. The trial court considered this evidence to be hearsay. Nevertheless, the trial court offered to stay the proceedings to allow the individuals who made the statements to testify in person. Buchanan declined the offer.

In his proposed petition for clemency, Buchanan raises the denial of any instruction with respect to mitigation. This issue was raised and rejected in Buchanan's appeal to the Supreme Court of the United States. 118 S. Ct. 757.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Court held that habeas corpus was the sole remedy for a prisoner seeking a release from punishment. Buchanan's § 1983 action is in essence a petition for a writ of habeas corpus. He seeks to have the Governor reconsider error attributed to the trial court. He seeks a modification of his punishment from execution to life imprisonment. Arguably, he seeks the invalidation of his death sentence for errors that occurred at trial. In

3

this respect, his present claim for relief is a successive motion that is barred by 28 U.S.C. § 2244.

II

In Pickens v. Tucker, 851 F. Supp. 363 (E.D. Ark.), aff'd 23 F.3d 1477 (8th Cir. 1994), the court held that inasmuch as only the Governor of Arkansas could grant clemency the rule of necessity applied. Pickens' claim of conflict of interest because the Governor had formerly served as Attorney General was dismissed.

III

The stay granted by the district court is vacated, and the preliminary injunction is reversed. The district court is directed to dismiss this action.

The mandate shall issue forthwith.

VACATED AND REVERSED

4