———————

No. 95-1852

———————

Eugene Wallace Perry,                    *
                                         *
    Appellant,         *
                                         *    Appeal from the United States
    v.                 *    District Court for the
                                         *    Eastern District of Arkansas.
Larry Norris, Director,                  *
Arkansas Department of                   *
Correction,                              *
                                         *
    Appellee.          *

———————

Submitted: January 13, 1997

Filed: February 27, 1997

———————

Before BOWMAN and MURPHY, Circuit Judges, and Jones,[1] District    Judge.

———————

MURPHY, Circuit Judge.

Eugene Wallace Perry appeals the denial of his second petition for habeas corpus. After conducting two evidentiary hearings the district court[2] denied his successive petition. We affirm.

Perry was convicted and sentenced to death for the 1980 murders of Kenneth Staton and Suzanne Ware who were robbed and shot in their jewelry store in Van Buren, Arkansas. After pursuing relief in state court, Perry filed a petition for habeas corpus in

———————

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

federal court in 1983, which was denied.  Perry v. Lockhart, 871 F.2d 1384 (8th Cir.), cert. denied, 493 U.S. 959 (1989).  In 1990 he filed a second habeas petition in which he claimed he was actually innocent of the murders and that his Sixth Amendment rights were violated when the trial court did not compel defense witnesses to testify.  Included with that petition were the unsworn statements of Marion Pruett, who is also on death row in Arkansas, in which Pruett claims that he committed the murders.  The district court held an extensive evidentiary hearing and wrote a thorough opinion that carefully examined Pruett's statements as well as the entire record and concluded there was "no likelihood of Mr. Perry's being innocent of the capital murders."  Perry v. Norris, 879 F. Supp. 1503, 1582 (E.D. Ark. 1995).  The court also held that the defense witnesses were not "sufficiently material" to warrant compulsory process under the Sixth Amendment.  Id. at 1514.  The district court did not permit Perry to amend his second habeas petition with claims of ineffective assistance of counsel and Brady violations since there was no "procedural gateway" that would allow it to consider new claims.  Id. at 1582.

After he filed an appeal from the denial of his second petition, Perry submitted two additional documents.  One was an affidavit of Mark Gardener, who is also on death row, which stated that some evidence implicating Perry had been fabricated.  The second was the sworn statement of Marion Pruett, which contained essentially the same information that had been submitted in his earlier unsworn statements.  The case was then remanded to the district court so it could consider whether further proceedings were necessary to examine this material.  The district court found the Gardener affidavit contained false statements and held a hearing regarding Pruett's new statement.  At that hearing, Pruett refused to testify.  The district court then concluded that neither the Gardener affidavit nor Pruett's sworn statement would affect its earlier decision.

2

Perry contends that Pruett's statement proves that he is actually innocent of the murders and therefore there is no precedential bar to consideration of the constitutional violations alleged in his second habeas petition.[3] Perry also claims he is entitled to amend his second habeas petition.

A petition for a writ of habeas corpus will be examined even if otherwise procedurally barred if the petitioner is able to demonstrate that a miscarriage of justice would occur were the petition not considered. This exception requires the petitioner to present new reliable evidence of his innocence and to prove that no reasonable juror would have found him guilty. Schlup v. Delo, 115 S. Ct 851, 865, 868 (1995). The factual findings of the district court will stand absent clear error. McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996).

The district court found Pruett's sworn statement and unsworn statements unreliable, and there was much evidence to support this finding. Pruett, who is on death row in Arkansas for kidnapping and murder, has been convicted of murder in two other states and has confessed to other killings and other violent crimes. Pruett has sought payment for his testimony, and there is evidence that he seeks attention and wealth from his story, including a television appearance and a contract to publish a book about these murders. Pruett's statement is not credible on its face for it includes an enormous amount of detail not normally found in statements of past

---

[3]At oral argument, Perry's attorney stated that his claim of actual innocence was not presented to provide an independent basis for habeas relief. Had Perry made that argument, it would fail since he has not satisfied the lesser burden necessary to provide a gateway through which his habeas petition could be considered. He therefore could not meet the higher standard necessary to support any free-standing claim. See Schlup v. Delo, 115 S. Ct. 851, 861 (1995); Griffin v. Delo, 33 F.3d 895, 908 (8th Cir. 1994).

experience.[4]  The unsworn statements were made nine years after the murders (the sworn statement was made fifteen years after the murders).  All of the detail contained in the statements was either part of the trial record reflected in the transcript or could have been obtained from Perry, who had opportunities to discuss the murders with Pruett.  Finally, the government was not able to scrutinize the veracity of the sworn statement because Pruett refused to be cross-examined.

There was a large amount of evidence in the record demonstrating Perry's guilt.  Perry's defense was that he was not in Arkansas when the murders were committed, but there was considerable evidence to the contrary.  Perry was identified as being in the parking lot of the shopping center where the murders took place on the day of the murders.  He was identified as carrying a gun and rope with him as he left an Arkansas campsite he had been staying at one or two days before the murders.  A witness testified that Perry returned to the campsite after the murders with two bags of jewelry.  Police investigation of the campsite and a camper that a witness said had been at the campsite revealed a jewelry tag and other things from the store.  A witness testified she had dropped Perry off at a local hotel on the day of the murders, and the police found a matchbook from that hotel in the searched camper.  When arrested, Perry had on him two rings that had been taken from the store.

The district court did not err in denying Perry's petition because he failed to demonstrate that no reasonable juror would find him guilty of the murder of Kenneth Staton and Suzanne Ware.

---

[4]For example, Pruett's statement contains detailed information on the precise location of a motorcycle parked near the jewelry store where the murders took place, the pattern and condition of the tablecloth that was used to muffle the sound of the gun, the clothes the victims were wearing, the jewelry taken from the victims' persons and the jewelry left on their bodies.

See <u>Schlup v. Delo</u>, 115 S. Ct. 851, 868 (1995).  Neither did the district court abuse its discretion in denying Perry's motion to amend his petition. Perry attempted to raise new claims as part of his second habeas petition. Since he did not demonstrate his actual innocence, <u>Schlup</u> did not provide a gateway through which his successive claims could be reviewed.[5] Amendment of the petition would therefore have been futile.  <u>See</u> <u>Perkins v. Spivey</u>, 911 F.2d 22, 34 (8th Cir. 1990).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]Perry did not attempt to show cause and prejudice to excuse his failure to raise the claims earlier.  They were not raised in his first petition, and he filed the amendments nearly five years after submitting his second petition and over two years after the first evidentiary hearing on that petition.