United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2930

_____

Eugene Wallace Perry,                    *
                                         *
        Plaintiff/Appellant,             *
                                         *    Appeal from the United States
        v.                               *    District Court for the Eastern
                                         *    District of Arkansas.
Randy Morgan, Warden, Tucker             *
Maximum Security Unit; K.L. Wade,        *        [PUBLISHED]
Tucker Mailroom Supervisor; Sam          *
Heuer; John Doe; Leroy Brownlee,         *
as member of the Arkansas Post-Prison    *
Transfer Board; Mary Jean Bennett,       *
as member of the Arkansas Post-Prison    *
Transfer Board; Charles Chastain, as     *
member of the Arkansas Post-Prison       *
Transfer Board; Ermer Pondexter, as      *
member of the Arkansas Post-Prison       *
Transfer Board; James Stanley, as        *
member of the Arkansas Post-Prison       *
Transfer Board; Deborah Suttlar, as      *
member of the Arkansas Post-Prison       *
Transfer Board; Mike Huckabee,           *
Governor of the State of Arkansas,       *
                                         *
        Defendants/Appellees.            *

_____

Submitted: July 16, 1997
    Filed:  July 30, 1997

_____

Before BOWMAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Eugene Wallace Perry is scheduled to be executed on August 6, 1997 for the 1980 murders of Kenneth Staton and his daughter, Suzanne Ware. Perry's two petitions for habeas corpus have previously been denied. 107 F.3d 665 (8th Cir. 1997); 871 F.2d 1384 (8th Cir.), cert. denied, 493 U.S. 959 (1989). Now before the court is an appeal from the dismissal of his action brought under 42 U.S.C. § 1983 seeking equitable and declaratory relief. Perry also asks for a stay of his execution pending this appeal. We affirm.

Perry alleges that his application for executive clemency has been tainted by reports that earlier this year he sought to obtain a book that apparently describes how to kill someone with your bare hands. Perry denies connection to the book and claims K.L. Wade and somebody else in the prison mailroom made it appear that he had requested the book from his attorney, Sam Heuer. Heuer denied involvement in the incident, but moved to withdraw as counsel for Perry after receiving a critical letter from warden Randy Morgan.

Perry contends he has a right under the due process clause of the fourteenth amendment to an unbiased consideration of his application for executive clemency, but that the reports linking him to the book tainted his application. He claims that Morgan, Wade, and an unknown employee of the mailroom (John Doe) created the impression that he sought the book, that this and Heuer's withdrawal affected the clemency proceeding before the Arkansas Post Prison Transfer Board (made up of Leroy Brownlee, Charles Chastain, Ermer Pondexter, August Pieroni, Fred Allen, and

Railey Steele[1]), and that this would bias Governor Huckabee's ultimate decision. He seeks a declaration that the defendants violated his due process rights and relief in the form of a new hearing before unbiased decisionmakers and final determination on his application by the lieutenant governor or some other person unfamiliar with the allegedly false reports.[2]

The district court[3] dismissed Perry's suit, holding that he has no constitutional right to an unbiased consideration of his clemency application. The Post Prison Transfer Board, which makes a non-binding recommendation to the governor on the clemency application, Ark. Code Ann. § 16-93-204 (Michie Supp. 1995), then held a hearing to review Perry's application, and unanimously recommended denial. There is no indication in the record that the governor has yet decided whether or not to grant clemency.

Even if Perry were able to prove that there were false reports about the book, that such reports reached the decisionmakers, and that the reports affected their decision about clemency, he would not have made out a violation of his constitutional rights. The Arkansas clemency statute imposes no standards on what the board or the

---

[1]We note some differences with the names in the caption of the case, but these names are those discussed by the parties as being members of the board.

[2]On July 25, 1997 Perry filed a second § 1983 case in which he argues that (1) the Post Prison Transfer Board violated his fourteenth amendment due process right to a full and fair consideration of his clemency application because it did not consider his actual innocence claim; (2) the board violated his right to equal protection under the fifth and fourteenth amendments because it considered his guilt, but not his innocence; and (3) the board unconstitutionally required him to sacrifice his fifth amendment privilege against self incrimination in order to assert his due process right to be considered for clemency. This case is now pending before the district court.

[3]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

governor may consider in making their decisions.  Ark. Code Ann. § 16-93-204.  The statute calls for the board to investigate a clemency application and to make a recommendation to the governor, but the governor is not bound by that recommendation.  Id.  "When a commutation statute does not impose standards constraining the discretion of the board as to when clemency must be granted, the statute does not create a constitutional right or entitlement sufficient to invoke the Due Process Clause."  Whitmore v. Gaines, 24 F.3d 1032, 1034 (8th Cir. 1994) (discussing the Arkansas statute) (citing Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 466-67 (1981); Otey v. Hopkins, 5 F.3d 1125, 1128-29 n.3 (8th Cir. 1993));  see also Wainwright v. Brownlee, 103 F.3d 708, 709 (8th Cir. 1997) (per curiam) (rejecting claim that due process rights were violated because clemency decision-makers were biased).  The district court did not err in dismissing Perry's action.

The judgment is affirmed, and the motion for a stay of execution is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.